ZURICH GENERAL ACCIDENT & LIABILITY INSURANCE COMPANY, APPELLANT, v. EDWARD WALKER, APPELLEE.

FILED JANUARY 30, 1935. No. 29075.

*Wells C. Jones,* for appellant.

*Hoagland, Carr & Hoagland, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY and DAY, JJ., and ELDRED, District Judge.

ELDRED, District Judge.

This action was originally filed in the county court of Lincoln county, by the Zurich General Accident & Liability Insurance Company, Limited, a corporation, as plaintiff, to recover from Edward Walker, defendant, premiums alleged to be due upon an employer's liability insurance policy, issued by said company, under the workmen's compensation law, to said Edward Walker. The defendant, Walker, filed an answer and counterclaim which, in effect, admitted the execution of the policy, and, in substance, alleged that about the 28th day of January, 1932, while plaintiff was insuring defendant under the workmen's compensation law, the defendant had in his employ one William Olson; that said William Olson, in the regular course of his employment, sustained an injury and was totally disabled until March 7, 1932; that he was treated by a physician on occasions up to April 4, 1932; that the reasonable value of medical services incurred was $117; that there became due $90 for the first six weeks of total disability, and $64 for 50 per cent. partial disability, or a total of $271, which plaintiff, as the insurer of the defendant, refused to pay, and the defendant became liable therefor, and was compelled to pay the same. Defendant alleges that under said policy the plaintiff agreed to pay promptly, to any person entitled thereto under the workmen's compensation law, the entire amount of any sum due, and sets out provisions of the policy providing for payment of compensation for injury imposed upon the employer, and for medical services, under the compensation law; and providing further, that the provisions of the workmen's compensation law shall be a part of the insurance contract.

A demurrer was filed by the plaintiff to the counterclaim, and, on adverse ruling, the question raised thereby was saved in the reply filed in that court, and was again carried forward and saved in the pleadings in the district court. The county court found against the defendant on his counterclaim, and the defendant appealed to the dis-

trict court. On September 9, 1933, the district court over-ruled plaintiff's demurrer to the defendant's counterclaim. Trial was had in the district court, without a jury, and on September 12, 1933, the court found there was due plaintiff from the defendant, on plaintiff's petition, $182.20; and further found that there was due defendant from plaintiff, upon defendant's counterclaim, $252.40. Judgment was entered on finding, in favor of the defend-ant and against the plaintiff, for $70.20, and costs. The motion of the plaintiff for a new trial being overruled, plaintiff has appealed.

The first question for consideration is: Was the action of the district court in overruling plaintiff's demurrer to defendant's counterclaim correct? The question raised by the demurrer, as well as by the other assignments of error involving rulings by the court during the progress of the trial, may be reduced to one proposition, that is: Did the county court, or the district court, on appeal from the county court, have any jurisdiction to determine the legality of the claim of William Olson against his em-ployer, arising under the provisions of the workmen's compensation law?

Appellee, in his brief, states the issues presented as follows: "Whether or not Edward Walker's agreement with William Olson on the amount of compensation for which he was liable could be offset against the claim of the insurance company for premiums?" But the counter-claim does not plead that there was any agreement be-tween said Walker and said employee as to the amount of said compensation, nor make any reference to an agree-ment of that character. Further, it is not alleged in the answer and counterclaim, nor does the evidence taken on the trial disclose, that the legality of the claim involved herein was ever presented to the compensation commis-sioner; or that the compensation commissioner made any award thereon, or that he approved any settlement be-tween the defendant and his employee; nor was it alleged in said answer and counterclaim that a copy of any settle-

ment between the defendant and his employee, Olson, was ever filed with the compensation commissioner.

In the district court some evidence was offered as to settlement on amount of compensation, and the trial court made some findings thereon. The case has been briefed and argued in this court on the theory that a settlement was agreed upon between defendant and his employee; hence, though not made an issue by the pleadings, we will consider the case upon the pleadings and the evidence.

The question presented to this court involves the consideration of several sections of the workmen's compensation law.

Section 48-137, Comp. St. 1929: "All disputed claims for compensation or for benefits under this article must be submitted to the compensation commissioner for an award. If either party at interest is dissatisfied with the award of the compensation commissioner, then the matter may be submitted to the district court of the county in which the accident occurred."

Section 48-133: "All disputed claims for compensation or benefits shall be first submitted to the compensation commissioner, as provided in section 3680 (48-139)."

Section 48-120: "The employer shall be liable for reasonable medical and hospital services and medicines as and when needed, subject to the approval of the compensation commissioner."

Section 48-136: "The interested parties shall have the right to settle all matters of compensation between themselves in accordance with the provisions of this article: Provided, that a copy of such settlement shall be filed with the compensation commissioner, and no such settlement shall be binding unless in accord with the provisions of this article."

Section 48-140: "The amounts of compensation payable periodically under the law, by agreement of the parties with the approval of the compensation commissioner, may be commuted to one or more lump sum payments, except compensation due for death and permanent disability,

which may be commuted only upon the order or decision of the district court."

Section 48-141: "All settlements by agreement of the parties with the approval of the compensation commissioner and all awards of compensation made by the court, except those amounts payable periodically for six months or more, shall be final and not subject to readjustment: Provided, however, no settlement shall be final unless it be in conformity with the provisions of this article, a finding of the compensation commissioner, the district court or any appellate court."

Section 48-147: "Every policy for the insurance of the compensation herein provided, or against liability thereof, shall be deemed to be made subject to the provisions of this act."

Sections 48-139 and 48-157 provide for procedure in cases of disputed claims.

From these provisions it would seem clear that the intention of the legislature was that the compensation commissioner should have exclusive original jurisdiction in handling the claims for compensation and medical services coming within the provisions of the workmen's compensation law; and to that end it is provided: "The compensation commissioner shall not be bound by the usual common-law or statutory rules of evidence or by any technical or formal rules of procedure, other than as herein provided, but may make the investigation in such manner as in his judgment is best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of article 8, chapter 35, Revised Statutes of Nebraska for 1913 (48-101 to 48-161), and any act or acts amendatory thereof." Comp. St. 1929, sec. 48-157.

We have been cited to no provision in the workmen's compensation act giving the county court jurisdiction of such matters under any circumstances. The district court appears not to have been given any jurisdiction, except as provided in the foregoing quotations from said workmen's compensation law; none of which applies to the situation involved in this case.

The authorities cited by appellee in his brief on this question are clearly distinguishable from the case at bar.

*Bailey v. United States Fidelity & Guaranty Co.,* 99 Neb. 109, and *Pierce v. Boyer-Van Kuran Lumber & Coal Co.,* 99 Neb. 321, were proceedings involving the approval of lump sum settlements, under section 48-140, Comp. St. 1929, and the court held, in effect, that such settlements could be consummated upon agreement of the parties, with the consent of the district court. But both of these cases arose prior to the amendment of said section made in 1917 (Laws 1917, ch. 85, sec. 16). At the time involved in those cases section 48-140 did not contain any requirement that the agreement to consummate should be "with the approval of the compensation commissioner," which clause was inserted in said section at the place where it now appears in the foregoing excerpt therefrom by the amendment of 1917.

We have not been cited to any authority holding that since said amendment the approval of the compensation commissioner was not necessary.

*Perry v. Huffman Automobile Co.,* 104 Neb. 211, also cited by appellee, was modified on rehearing, and another opinion written, which appears in the same volume, beginning on page 214, in which the necessity of submitting proposed settlements to the compensation commissioner for his approval is recognized.

The case of *Otis Elevator Co. v. Miller & Paine,* 240 Fed. 376, is also cited by appellee. The cause of action arose in 1915; the opinion was filed in 1917, and involved sections 48-118 and 48-139 of our workmen's compensation law as they existed prior to recent amendments.

All of these sections have been materially amended since that opinion was written. To section 48-136, has been added the clause, "Provided, that a copy of such settlement shall be filed with the compensation commissioner, and no such settlement shall be binding unless in accord with the provisions of this article." And section 48-139 has been amended by changing the words at the

beginning of the section, "Either party may file in the district court a verified petition," so as to read, "Either party may file with the compensation commissioner a verified petition."

It is suggested in the appellee's brief that section 48-136 does not say that a settlement must be agreed to by the compensation commissioner, but that copy of settlement should be filed with him. However, that section does say that no such settlement shall be binding unless in accord with the provisions of this act. When that section is considered in connection with sections 48-140 and 48-141, it seems clear that any settlement, to be in accord with the provisions of that article, should have the approval of the compensation commissioner, and if not so approved it would not be final. In the instant case, however, the settlement, if one was agreed upon, was not even filed with the compensation commissioner.

Neither the county court nor the district court had any original jurisdiction in this case to determine the legality of the claim of the defendant for compensation for his employee under the workmen's compensation law. Under the issues as made by the counterclaim, and under the evidence, the finding and judgment should have been in favor of the plaintiff and against the defendant on the defendant's counterclaim.

A number of other errors have been assigned, but in view of the conclusion reached as to the principal issues herein, they become immaterial. No objection, by cross-appeal or otherwise, has been made to the findings of the trial court on plaintiff's petition. The judgment in favor of the defendant and against the plaintiff on his counterclaim is reversed and the cause remanded, with directions to dismiss said counterclaim, and enter a judgment in favor of the plaintiff and against the defendant on the findings made on plaintiff's petition, with legal interest from the date of said findings, and costs.

REVERSED.