MARVIN EUGENE GARDNER, APPELLANT, v. HERBERT KOTHE, DOING BUSINESS AS KOTHE CONSTRUCTION COMPANY, APPELLEE.

109 N. W. 2d 405

Filed June 9, 1961. No. 34996.

*Gaines, Spittler, Neely, Otis & Moore,* for appellant.

*Tesar & Tesar* and *James J. Fitzgerald,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is a proceeding under the Nebraska Workmen's Compensation Act. The appellant, Marvin Eugene

Gardner, who was the plaintiff below, alleged that he was injured on April 22, 1960, while employed by the defendant, Herbert Kothe, the appellee.

The matter was tried to a single judge of the Nebraska Workmen's Compensation Court who dismissed the action. Upon rehearing before the full compensation court, the action was again dismissed. Upon appeal to the district court, the order of dismissal was affirmed. The plaintiff's motion for new trial was overruled and he then appealed to this court.

The plaintiff's assignments of error are, in substance, that the court erred in failing to award the plaintiff compensation and in holding that George L. Noble was a necessary party to the action.

There is no substantial conflict in the evidence in this case. The record shows that the defendant is a contractor engaged in building room additions and applying siding and roofing material to houses. The defendant subcontracts the labor required on certain jobs to a third party.

The defendant contracted to furnish the materials and labor necessary to install aluminum siding and make certain other improvements to a residence property in Omaha, Nebraska. The defendant then contracted with George L. Noble to apply the siding to this property. Noble was to be paid by the defendant at the rate of $12 per square. A "square" is 100 square feet. Noble and the plaintiff both testified that the plaintiff was employed by Noble as a siding applicator at the time the accident happened.

The plaintiff's theory of the case is that the defendant is liable as a statutory employer under section 48-116, R. R. S. 1943, because of his failure to require Noble to carry compensation insurance. The defendant's theory of the case is that the plaintiff was not an employee of Noble and that the plaintiff was an independent contractor, or a partner of Noble, or was engaged in a joint venture with Noble.

The defendant admits that he did not require Noble to carry compensation insurance and it is undisputed that both Noble and the defendant did not have compensation insurance. The case turns upon the question of what relationship existed between the plaintiff and Noble at the time the accident happened. The defendant is not liable to the plaintiff unless the plaintiff was an employee of Noble.

The primary test in determining whether the relationship of employer-employee exists is whether the alleged employer has the right of control and supervision over the work of the alleged employee and the right to direct the manner in which the work is to be done as well as the result which is to be accomplished. Williams v. City of Wymore, 138 Neb. 256, 292 N. W. 726. In the Williams case the court said: "The test usually invoked in this state is whether the alleged employer has the control of the workman and the details, mode and manner of doing the work."

In Shamburg v. Shamburg, 153 Neb. 495, 45 N. W. 2d 446, the court said: "The relation of employer and employee is the same relation that is familiar throughout the law under the name of master and servant, except that to be an employee, as distinguished from a servant generally, one must serve under a contract of hire. * * * Generally most courts agree that the main test is the right of control, and that right, in the actual exercise of that control, governs. * * * Other factors are looked to only to aid in determining whether such relationship existed in a given case."

An independent contractor, generally, is one who contracts to do a piece of work according to his own methods and is not subject to the control of the other contracting party except as to the result of the work. Schneider v. Village of Shickley, 156 Neb. 683, 57 N. W. 2d 527. In the Schneider case the court said: "One indispensable element to the creation of the relationship of an independent contractor is that the party must

contract to do a specified piece of work for a specified price."

The evidence in this case is that Noble had been performing carpenter work and other similar work for the defendant for a number of years. The plaintiff had worked on two other jobs or contracts for Noble before the job on which he was injured. Noble asked the plaintiff to help him on a job on North Fortieth Street. The plaintiff came to work on the second day. Noble agreed to pay the plaintiff "The going rate, the same as anybody else," which was $12 a square. The next job on which the plaintiff worked for Noble was on South Thirty-fourth Street, across the street from where the accident happened. On each job Noble paid the plaintiff for the work that the plaintiff did. There is no evidence that the plaintiff had any control over the manner in which the work was to be done, on which job he was to work, or when the work would be done. What evidence there is indicates that the plaintiff was subject to the control and supervision of Noble in the performance of the work.

There is no evidence that the plaintiff agreed to perform a specified piece of work for a specified price. The evidence is that Noble asked the plaintiff to come to work and help Noble finish the job. Noble agreed to pay the plaintiff for the work that he would do.

The defendant points out that the plaintiff was to be paid upon a piece-rate basis; that his rate was the same as the contract price between Noble and the defendant; and that Noble did not deduct withholding taxes or social security from the amounts paid to the plaintiff. These are facts which bear upon the issue and must be considered, but we do not consider them to be controlling when considered with the evidence as a whole.

The payment of wages on a piece-rate basis is not inconsistent with the status of an employee. Riggins v. Lincoln Tent & Awning Co., 143 Neb. 893, 11 N. W. 2d

810. The fact that Noble did not deduct withholding taxes or social security from the amounts paid to plaintiff is evidence that tends to negative a finding that the plaintiff was an employee but it is not conclusive.

The fact that the plaintiff received the same rate as Noble did under the contract with the defendant is explained, at least in part, by the fact that it was the going rate for the work the plaintiff performed. The defendant argues that this shows that plaintiff was a partner, or engaged in a joint venture, with Noble, but this contention is not supported by the evidence. The evidence is that the plaintiff had no right to share in any profits that might result from Noble's contract with the defendant. The absence of mutual interest in the profits or benefits is conclusive that a partnership or joint adventure does not exist. Soulek v. City of Omaha, 140 Neb. 151, 299 N. W. 368.

Noble also employed a helper, James D. Mabe, who piled material, picked up scraps, and did generally whatever Noble told him to do. Mabe was working on the job when the plaintiff was injured. Mabe was paid by Noble and the plaintiff was not liable for any of the wages paid to Mabe. There is no evidence that the plaintiff was liable for any other expense incident to the job. Noble did not deduct withholding taxes or social security from the amounts he paid to Mabe.

Upon a review of the evidence de novo, we hold that the evidence establishes that the plaintiff was an employee of George L. Noble at the time the accident happened. This conforms to the finding of the compensation court upon rehearing upon this issue.

The compensation court held that the plaintiff could not recover compensation from the defendant in this proceeding because the plaintiff had failed to make George L. Noble a party. The only authority cited by the defendant on this issue is Keith v. Wilson, 165 Neb. 58, 84 N. W. 2d 192. In the Keith case an employee was injured while cutting and stacking hay. The immediate

employer, who was exempt from the provisions of the act, had entered into a contract with the lessee of a ranch who had elected to come under the act. The opinion held the lessee liable to the injured employee under section 48-116, R. R. S. 1943, but the immediate employer not liable. The Keith case is not directly in point insofar as the issue raised in this case is concerned because both the lessee of the ranch and the immediate employer were party defendants. However, the court noted that the liability of a contracter under section 48-116, R. R. S. 1943, if it exists, is not dependent upon imputation but upon the clear and specific terms of the statute which defines and declares the liability.

The liability of the defendant in this case under section 48-116, R. R. S. 1943, is joint and several with Noble. All parties who may be liable are not necessary parties to the litigation if their liability is joint and several. Noble was not a necessary party to this proceeding.

The findings of the district court are not supported by the evidence as disclosed by the record. The plaintiff is entitled to recover workmen's compensation from the defendant in accordance with the provisions of the act.

The plaintiff's wages were such that he is entitled to receive compensation at the maximum rate provided by the act, $37 per week. The plaintiff was temporarily totally disabled for a period of 4 weeks, but can recover compensation for only 3 weeks of temporary total disability. He is entitled to recover medical and hospital expense in the amount of $322.75. He is entitled to compensation for 30 weeks for loss of the second finger and 20 weeks for loss of the third finger, all of which is now due.

The judgment of the district court is reversed and the cause remanded with directions to enter a judgment in favor of the plaintiff and against the defendant in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.