ALBERT PEAK, APPELLEE AND CROSS-APPELLANT, V. C. RICHARD BOSSE ET AL., APPELLANTS, IMPLEADED WITH FIDELITY & CASUALTY CO. OF NEW YORK AND SUPERIOR INSURANCE SERVICE, APPELLEES AND CROSS-APPELLEES, AND JOHN M. HOGAN, APPELLEE.

272 N. W. 2d 750

Filed December 20, 1978.   No. 41735.

William J. Riedmann and Eric W. Kruger, for appellant Bosse.   Robert G. Mahlin, Mark Eves, Barbara Allen Babcock, Edward G. Warin, Robert F. Kokrda, Leonard Schaitman, and John F. Cordes, for appellant Small Business Administration.

Norman Denenberg, for appellee Peak.   Richard L. Walentine of Walsh, Walentine & Miles, for appellee Fidelity & Casualty.   Michael P. Cavel of the Law Offices of Emil F. Sodoro, P.C., for appellee Superior Insurance.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and COLWELL, District Judge.

BOSLAUGH, J.

On September 22, 1975, the defendant John M. Hogan was operating a refuse hauling business at Offutt Air Force Base pursuant to a contract with the defendant Small Business Administration (SBA). Hogan's contract with the SBA required Hogan to remove refuse at Offutt Air Force Base and several housing areas in accordance with a contract between SBA and the United States of America. On that day the plaintiff, Albert Peak, who was employed by Hogan, was injured in an accident which resulted in his left arm being amputated above the elbow. On January 20, 1976, the plaintiff recovered an award for his injury against Hogan in the Nebraska Workmen's Compensation Court.

Both contracts, which were effective July 1, 1975, required the "contractor" to procure and maintain workmen's compensation insurance and submit a certificate of insurance prior to the commencement of work. On July 14, 1975, Hogan received a letter from the contracting officer at Offutt Air Force Base requesting that he submit a certificate of insurance.

Hogan consulted the defendant C. Richard Bosse, an insurance agent, in regard to obtaining workmen's compensation insurance. Bosse unsuccessfully attempted to secure insurance for Hogan and then contacted the defendant Superior Insurance Service, another agency, for that purpose. Superior was unable to place the insurance directly so it submitted an application to the North Central Compensation Rating Bureau to obtain insurance for Hogan through the assigned risk pool.

On September 11, 1975, the North Central Compensation Rating Bureau wrote to Hogan stating that the risk had been assigned to the defendant Fidelity

& Casualty Co. of New York, and that a binder or policy would be issued effective on the day following the receipt by the carrier of the deposit premium of $3,830.

Hogan and Bosse had a conversation at Bosse's office on or about September 15, 1975. According to Bosse, he and Hogan went over the letter that Hogan had received from the rating bureau and Bosse explained to Hogan that he would have no insurance until the deposit premium had been received by the company issuing the policy. A statement for the premium was prepared on one of Bosse's forms and delivered to Hogan.

On September 22, 1975, Hogan notified Bosse the plaintiff had been injured. On the following day Hogan delivered a check for the premium, dated September 18, 1975, to Bosse. Bosse forwarded the check to Superior and a policy was issued by Fidelity & Casualty Co., effective September 27, 1975.

This action was commenced on May 25, 1976, to obtain a declaratory judgment that Fidelity & Casualty Co., Bosse, Superior, and Fireman's Fund American Insurance Co. were liable for the compensation award obtained by the plaintiff.

Fireman's Fund is the errors and omissions carrier for Bosse and Superior. The demurrer of Fireman's Fund was sustained by the trial court and there is no issue in this court as to that order.

On June 11, 1976, the petition was amended to add SBA as a defendant on the theory that SBA was a "statutory employer" under section 48-116, R. R. S. 1943.

The trial court found that SBA was a statutory employer of the plaintiff and jointly and severally liable to the plaintiff for the amount of the award; that Bosse had agreed to obtain insurance for Hogan and had extended credit to Hogan for the premium due and was liable for the award to the plaintiff; and that both Superior and Fidelity & Casualty Co. were

not liable for the award. SBA, Bosse, and the plaintiff have appealed.

The plaintiff's theory of liability so far as the SBA is concerned is that the SBA, as the prime contractor, became a statutory employer under section 48-116, R. R. S. 1943, when its subcontractor Hogan failed to procure workmen's compensation insurance. See, Gardner v. Kothe, 172 Neb. 364, 109 N. W. 2d 405; Hiestand v. Ristau, 135 Neb. 881, 284 N. W. 756.

By demurrer and answer SBA challenged the jurisdiction of the District Court over the subject matter of the action. By statute the Nebraska Workmen's Compensation Court has exclusive original jurisdiction in actions arising under the Workmen's Compensation Act. § 48-161, R. R. S. 1943; Zurich General Accident & Liability Ins. Co. v. Walker, 128 Neb. 327, 258 N. W. 550. As a general rule declaratory relief is not available where a statutory remedy has been provided with another tribunal given exclusive jurisdiction over the action. Stewart v. Herten, 125 Neb. 210, 249 N. W. 552. See, also, St. Paul Fire & Marine Ins. Co. v. Littky, 60 Mich. App. 375, 230 N. W. 2d 440; State v. Breckinridge (Okla.), 442 P. 2d 506; Cox v. Pitt County Transportation Co., 259 N. C. 38, 129 S. E. 2d 589.

The plaintiff argues that this is not a compensation case but is an attempt to collect a judgment and that the plaintiff could not sue the SBA in the compensation court. Neither argument has merit. The action sought to establish the liability of the SBA directly to the plaintiff under the Workmen's Compensation Act and was not a proceeding in aid of execution. Whether federal law permitted the plaintiff to sue the SBA in the compensation court or not, the federal statute could not modify the state law which establishes the exclusive original jurisdiction of the compensation court over actions under the compensation law. The finding by the trial court that it had jurisdiction over the subject matter of

the action as regards the SBA was erroneous.

So far as the defendant Bosse was concerned, the plaintiff's theory of liability was based upon an alleged breach of contract or negligent failure to perform a duty owed to Hogan. Any such claim against Bosse would be personal to Hogan and could not be enforced directly by the plaintiff. The finding by the trial court that the defendant Bosse was directly liable to the plaintiff for the amount of the award was erroneous.

The defendant Hogan did not file a cross-petition against the defendant Bosse although Hogan's amended answer prayed that Bosse be required to reimburse Hogan for the cost of the defense of the action in the compensation court, attorney's fees, and the amounts paid by Hogan under the award. Bosse filed no pleading responsive to the answer of Hogan and, apparently, the matter was submitted on the theory that the matter being litigated was the plaintiff's right to recover directly from Bosse. Hogan's motion for new trial complained only of that part of the judgment which dismissed the action as to Fidelity and Casualty Co. Hogan has made no appearance in this court.

Upon this state of the record we think the finding that Bosse should reimburse Hogan for all payments made under the award was erroneous.

The plaintiff's sole assignment of error is that the trial court erred in failing to find Superior was a joint venturer with Bosse, and therefore jointly and severally liable with Bosse.

The record shows the plaintiff had no contact directly with Superior. Bosse was primarily a life insurance agent. When Bosse was unable to place Hogan's insurance directly, he contacted Superior to see if Superior could find a carrier who would assume the risk. When Superior could not place Hogan's insurance directly, Superior obtained coverage for Hogan through the assigned risk pool. Bosse and Super-

ior had an arrangement to share commissions but Superior made no promise to Hogan or Bosse that it could provide insurance. The finding by the trial court that Superior was not liable to the plaintiff was correct.

Fidelity & Casualty Co. had no contact with the plaintiff except through the assigned risk pool. The finding by the trial court that Fidelity & Casualty Co. was not liable to the plaintiff for the award was correct.

That part of the judgment which dismissed the action as to Fireman's Fund, Superior, and Fidelity & Casualty Co. is affirmed; the balance of the judgment is reversed and the cause remanded with directions to enter a judgment in accordance with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.