Albert PEAK, Appellant,

v.

SMALL BUSINESS ADMINISTRATION,
Appellee.

No. 80–2126.

United States Court of Appeals,
Eighth Circuit.

Submitted July 21, 1981.

Decided Oct. 1, 1981.

Rehearing and Rehearing En Banc
Denied Nov. 30, 1981.

Thomas D. Thalken, U.S. Atty., D. Neb., Robert F. Kokrda, Asst. U. S. Atty., argued, Omaha, Neb., for appellee.

Norman Denenberg, Omaha, Neb., for appellant; Louise Anne Rinn, Omaha, Neb., of counsel.

Before LAY, Chief Judge, and STEPHENSON and McMILLIAN, Circuit Judges.

LAY, Chief Judge.

In 1975 the United States Air Force contracted with the Small Business Administration (SBA) pursuant to 15 U.S.C. § 637(a) for the removal of refuse from Offutt Air Force Base and several housing areas in Nebraska. The SBA subsequently subcontracted the job to John Hogan, an individual. On September 22, 1975, Albert Peak, one of Hogan's employees, was severely injured in an accident during the course of employment.

The terms of both contracts required each contractor to carry workmen's compensation insurance as dictated by state law. Although Hogan had discussed procuring workmen's compensation coverage with his insurance agent prior to the accident, no policy had been issued at that time. Peak filed an action against Hogan in the Nebraska Workmen's Compensation Court;[1] the SBA was not made a party to the suit.[2] The Nebraska Workmen's Compensation Court granted Peak a substantial award against Hogan, under which Hogan began to make payments. Peak thereafter sought a declaratory judgment in state district court declaring that two insurance companies and Hogan's insurance agent were liable for the compensation award. The petition was later amended to add the SBA as a defendant on the theory that the SBA was a "statutory employer" under Nebraska Revised Statute section 48–116.[3] The SBA sought removal to the federal district court, but the federal district court remanded the case back to the state court on the grounds that the case was a workmen's compensation case and, under 28 U.S.C. § 1445(c), was nonremovable. The state district court then declared the SBA liable for the award as a "statutory employer." On appeal, however, the Supreme

1. The fact that Peak was injured while on federal property does not preclude the operation of Nebraska's workmen's compensation laws. According to 40 U.S.C. § 290, state workmen's compensation laws, as applied to private employers working on federal land, are freed from any restraint by reason of the exclusive federal jurisdiction. *See Roelofs v. United States*, 501 F.2d 87, 90–91 (5th Cir. 1974), *cert. denied*, 423 U.S. 830, 96 S.Ct. 49, 46 L.Ed.2d 47 (1975). However, it is also clear that section 290 does not operate to subject the federal government or its agencies to liability under state workmen's compensation acts.

2. The SBA allegedly was not made a party on the basis that the consent to be sued granted by 15 U.S.C. § 634(b)(1) extended only to state courts of general jurisdiction; the Nebraska Workmen's Compensation Court is a court of limited jurisdiction.

3. Nebraska Revised Statutes § 48–116 provides:

    *Employers; evasion of law, what constitutes; exceptions.* Any person, firm or corporation creating or carrying into operation any scheme, artifice or device to enable him, them or it to execute work without being responsible to the workmen for the provisions of this act, shall be included in the term employer, and with the immediate employer shall be jointly and severally liable to pay the compensation herein provided for and be subject to all the provisions of this act. This section, however, shall not be construed as applying to an owner who lets a contract to a contractor in good faith, or a contractor, who, in good faith, lets to a subcontractor a portion of his contract, if the owner or principal contractor as the case may be, requires the contractor or subcontractor, respectively, to procure a policy or policies of insurance from an insurance company licensed to make such insurance in this state, which policy or policies of insurance shall guarantee payment of compensation according to this act to injured workmen.

Neb.Rev.Stat. § 48–116 (1978).

Court of Nebraska reversed, holding that declaratory relief concerning workmen's compensation matters is not available in the state district court because the Nebraska Workmen's Compensation Court has exclusive jurisdiction over such matters. *Peak v. Bosse,* 202 Neb. 1, 272 N.W.2d 750, 752–53 (1978).

Peak then filed this action against the SBA in federal district court seeking to hold the SBA liable for the compensation award as a "statutory employer" and asserting jurisdiction under 15 U.S.C. § 634(b)(1). The SBA moved to dismiss for failure to state a claim and for lack of subject-matter jurisdiction; the district court, the Honorable Albert G. Schatz presiding, granted the motion with prejudice, without discussion, citing *Peak v. Bosse, supra.* Peak now appeals, asserting that the consent to be sued provision under 15 U.S.C. § 634(b)(1) [4] authorizes a suit in federal district court against SBA for a workmen's compensation award as a "statutory employer" under Nebraska workmen's compensation law.

*The Federal Tort Claims Act.*

■ In attempting to find a jurisdictional basis under section 634(b)(1), plaintiff overlooks the exclusive applicability of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80. It is clear that plaintiff's claim falls under the FTCA. The FTCA is the exclusive remedy for actions sounding in tort, and this is expressly so despite the statutory authority of any federal agency "to sue and be sued." *See Bor-Son Bldg. Corp. v. Heller,* 572 F.2d 174, 177 (8th Cir. 1978) (12 U.S.C. § 1702); *Freeling v. FDIC,* 221 F.Supp. 955, 956–57

(W.D.Okla.1962), *aff'd on basis of district court's opinion,* 326 F.2d 971 (10th Cir. 1963). In *Bor-Son Building Corp. v. Heller,* 572 F.2d 174 (8th Cir. 1978), this court reasoned that the FTCA is the exclusive remedy if: (1) the suit is against a federal agency; and (2) the suit sounds in tort. 572 F.2d at 177. The instant case meets both requirements. First, it is not disputed that the SBA is a "federal agency" within the meaning of section 2671 of the FTCA. 15 U.S.C. § 633; *see also SBA v. McClellan,* 364 U.S. 446, 448–50, 81 S.Ct. 191, 194, 5 L.Ed.2d 200 (1960) (holding SBA is an integral part of federal government and is not a separate legal entity). Second, it should be readily apparent that the Nebraska Workmen's Compensation Act is a statutorily created tort liability based on no-fault, funded by insurance, and replacing the standard of negligence in a master-servant relationship. Neb.Rev.Stat. §§ 48–101 to 48–108 (1978). The fact that this is a statutorily created liability does not deprive it of its tort character, as a tort is not limited to liability imposed by common law, but also includes liability created by statute.

■ Section 2679(a) of the FTCA provides:

(a) The authority of any federal agency to *sue and be sued* in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be *exclusive.*

28 U.S.C. § 2679(a) (emphasis added).[5]

■ In *Keifer & Keifer v. RFC,* 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784 (1939), the

---

**4.** Section 634(b)(1) of the Small Business Act provides:

(b) In the performance of, and with respect to, the functions, powers, and duties vested in him by this chapter the Administrator may—

(1) sue and be sued in any court of record of a State having general jurisdiction, or in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy; but no attachment, injunction, garnishment, or other simi-

lar process, mesne or final, shall be issued against the Administrator or his property;
. . .

15 U.S.C. § 634(b)(1).

**5.** Under 28 U.S.C. § 1346(b) the United States may be sued in federal district court for money damages for injury or loss of property or personal injury or death, provided: (1) the wrongdoer is an employee of the government; (2) the injury was caused by the negligent or wrongful act of the employee; (3) the wrongful act occurred while the employee was within the

Supreme Court held that a "sue and be sued" federal agency could be sued for its torts. In subsequently passing the FTCA, Congress withdrew this right to sue federal agencies in tort under the "sue and be sued" statutes;[6] in place of this piecemeal approach, it created the FTCA as a uniform, systematic, and exclusive remedy for the torts of federal agencies. Thus, if no recovery is allowed under the FTCA for an action sounding in tort, there is simply no remedy afforded.

Plaintiff might urge that his action is not cognizable under section 1346(b) since the injury was not caused by a negligent or wrongful act. In *Laird v. Nelms*, 406 U.S. 797, 92 S.Ct. 1899, 32 L.Ed.2d 499 (1972), the Supreme Court concluded that sovereign immunity under the FTCA is not waived under section 1346(b) for claims based on strict liability. 406 U.S. at 802–03, 92 S.Ct. at 1902: *See also Dalehite v. United States*, 346 U.S. 15, 42–45, 73 S.Ct. 956, 971–972, 97 L.Ed. 1427 (1953). The holding in *Laird* did not indicate that such claims are not governed by the provisions of the FTCA, but simply that they are barred by the provisions of the FTCA. The practical effect of *Laird v. Nelms*·is the same as if Congress had included it as an exemption under section 2680. *See James v. FDIC*, 231 F.Supp. 475, 477 (W.D.La.1964).

Several specific exemptions from this initial waiver of sovereign immunity are listed in 28 U.S.C. § 2680. Sovereign immunity is not waived for the acts listed in section 2680, such as discretionary functions and certain intentional torts. Two cases have held that sections 1346 and 2680 of the FTCA preclude an action brought pursuant to section 634 of the Small Business Act. In *Mullins v. First National Exchange Bank*, 275 F.Supp. 712 (W.D.Va.1967), the court held that a suit cannot be maintained under section 634 of the Small Business Act because FTCA is the exclusive remedy, despite the fact that the suit was barred by sections 2680(a) and (h) of the FTCA. 275 F.Supp. at 719–20. In *United States v. Delta Industries, Inc.*, 275 F.Supp. 934 (N.D. Ohio 1966), it was held that a suit cannot be maintained under section 634 because the FTCA is the exclusive remedy, notwithstanding the fact that section 2680(a) operated· as a bar to the suit. 275 F.Supp. at 936–37.[7]

*Conclusion.*

By passage of the Federal Tort Claims Act, Congress withdrew consent to suits in tort against federal agencies under the "sue and be sued" statutes, and substituted the FTCA as the exclusive remedy. Thus, a

---

scope of his office or employment; and (4) the wrongful act occurred under circumstances where a private person would be liable in accordance with the law of the place where it occurred.

6. *See* S.Rep. No. 1400, 79th Cong., 2d Sess. 33 (1946). Congress may, and has, substituted comprehensive compensation systems for claims otherwise cognizable under the FTCA. One example is the Federal Employees' Compensation Act, 5 U.S.C. §§ 8101 *et seq.* But there is no comparable congressional action subjecting federal agencies to state workmen's compensation laws.

7. Peak's claims may well be barred under the FTCA for several other reasons: (1) 28 U.S.C. § 2401 requires that a claimant submit a claim in writing with the federal agency within two years after accrual and that a claimant has six months after agency denial of the claim to bring suit. Peak, who was injured in September 1975, evidently did file an administrative claim with the SBA under the FTCA. The claim was subsequently denied, but no suit

under the FTCA was ever brought. The present suit asserting jurisdiction under section 634(b)(1) was not brought until May 10, 1979; (2) Hogan was an independent contractor for the SBA, and section 2671 specifically excludes contractors from the definition of "federal agency" for the purposes of the FTCA; and (3) the case law is uniform in holding that the federal government may assert under the FTCA the defense that a state workmen's compensation system is the exclusive remedy, if the federal agency qualifies as a "statutory employer," while simultaneously maintaining that the FTCA is a litigant's exclusive remedy. These preclusions to suit under the FTCA would not displace the FTCA as Peak's exclusive remedy; they would only deny recovery pursuant to the provisions of the Act. *See Griffin v. United States*, 644 F.2d 846, 847–48 (10th Cir. 1981); *Richardson v. United States*, 577 F.2d 133, 136– 37 (10th Cir. 1978); *Roelofs v. United States*, 501 F.2d 87, 92–93 (5th Cir. 1974), *cert. denied*, 423 U.S. 830, 96 S.Ct. 49, 46 L.Ed.2d 47 (1975).

suit sounding in tort against the SBA cannot be maintained under section 634(b)(1) of the Small Business Act, but must be brought under the FTCA. Peak claims liability against the SBA solely on the basis of Nebraska's "statutory employer" law. This claim is, in essence, a tort suit imposing strict liability, which must be brought under the FTCA. The fact that the FTCA has not waived sovereign immunity for strict or statutory liability claims does not change the result; the FTCA is the exclusive remedy. The district court's reasoning that the case is governed by the state court decision of *Peak v. Bosse* is not controlling. However, the judgment of dismissal of the district court is affirmed for the reason that section 634(b)(1) does not provide jurisdictional grounds to sue the United States in tort.

The judgment of the district court is affirmed.