Albert PEAK, Appellant,

v.

SMALL BUSINESS ADMINISTRATION,
Appellee.

No. 80–2126.

United States Court of Appeals,
Eighth Circuit.

Nov. 30, 1981.

Thomas D. Thalken, U. S. Atty., D. Neb.,
Robert F. Kokrda, Asst. U. S. Atty., Omaha,
Neb., for appellee.

Norman Denenberg, Omaha, Neb., for ap-
pellant; Louise Anne Rinn, Omaha, Neb., of
counsel.

Before LAY, Chief Judge, and STE-
PHENSON and McMILLIAN, Circuit
Judges.

Order Denying Petition For Rehearing and
For Rehearing En Banc.

PER CURIAM.

Plaintiff has filed a petition for rehearing
en banc. No judge has requested a vote on
the rehearing en banc; the petition is there-
fore denied. The court similarly denies the
petition for rehearing 660 F.2d 375 (8th
Cir.) before the three judge panel.

Plaintiff urges that the panel erred in
holding that the Federal Tort Claims Act
was his exclusive remedy and that he was
barred from pursuing his claim. Plaintiff
cites authority holding that a claim under a
workmen's compensation act does not sound
in tort, and that workmen's compensation
claims arise solely from a statutory liability
based on the employee-employer relation-
ship.

We write this addendum to clarify our holding. We adhere to the concept that an action under a workmen's compensation act is one of strict liability. W. Prosser, Law of Torts § 82, at 555 (3d ed. 1964). The language of the opinion stating that plaintiff's claim arising from the Nebraska Workmen's Compensation Act sounds in tort is not to be retracted. If we erred, it was in making the broad statement that an action *under* the Workmen's Compensation Act sounds in tort. Our opinion should have been stated in more explicit terms. We deal only with the nature of the suit before us. In our attempt to provide plaintiff the benefit of any doubt, we did not construe his complaint to state a claim *under* the Nebraska Workmen's Compensation Act. If we do construe his complaint in that way, then the Nebraska Supreme Court's decision leaves little doubt as to the result to be reached: the plaintiff cannot sue the SBA under the Nebraska Workmen's Compensation Act since exclusive jurisdiction over claims brought under the Workmen's Compensation Act lies in the Nebraska Workmen's Compensation Court. Neb.Rev.Stat. § 48–161 (1978); *Peak v. Bosse*, 202 Neb. 1, 4, 272 N.W.2d 750, 752 (1978).[1] Plaintiff's claim alleges that his suit is based on the "performance of . . . duties" vested in the administrator of the SBA as described under section 634(b). However this may be, the suit must necessarily rest on a claim for personal injuries outside of the Nebraska Workmen's Compensation Act, but nonetheless arising out of alleged liability created by the state workmen's compensation law. According to plaintiff's argument, the basis of liability for the SBA is that it is a "statutory employer" under Nebraska Revised Statute section 48–116. The SBA's alleged liability thus arises out of the claim that plaintiff's employer, the subcontractor, did not purchase workmen's compensation insurance as it had agreed to do. Under Nebraska law, in order to hold liable a contractor or owner who is not the immediate employer of an injured employee it must be shown that the contractor or owner carried into operation "any scheme, artifice or device" to enable it to avoid its responsibility under the act. Neb.Rev.Stat. § 48–116 (1978). This statute does not require proof of evil intent or design, but if the contractor or owner fails to procure insurance, it does subject a contractor or owner to statutory liability for personal injuries to workmen. *See Gardner v. Kothe*, 172 Neb. 364, 109 N.W.2d 405 (1961); *Heistand v. Ristau*, 135 Neb. 881, 284 N.W. 756 (1939). Thus, on this basis we viewed the SBA's failure to procure proper insurance under the Nebraska Workmen's Compensation laws to be an alleged breach of statutory duty. We view the language encompassing a "scheme, artifice or device" as one sounding in tort. Thus, we reaffirm our conclusion. The only basis upon which plaintiff's claim can be brought against the government under the allegations made in the present complaint is the Federal Tort Claims Act.

---

1. Our construction, perhaps too benevolent, coincides with plaintiff's claim in state court that this is but an attempt to collect a judgment since the plaintiff could not sue the SBA in a court of limited jurisdiction, such as the compensation court. *Peak*, 202 Neb. at 4, 272 N.W.2d at 752 (1978). The Nebraska Supreme Court disagreed saying that the action is not a proceeding in aid of execution and that plaintiff cannot sue outside the court which has exclusive jurisdiction. *Id.*