MARIAN V. BYRAM, APPELLANT, V. MILDRED F. THOMPSON, APPELLEE.

49 N. W. 2d 628

Filed November 2, 1951. No. 33001.

*Wear & Boland, James J. Fitzgerald,* and *Gross, Welch, Vinardi & Kauffman,* for appellant.

*Eugene D. O'Sullivan, Sr., Harry W. Schackelford, Arthur J. Whalen,* and *Eugene D. O'Sullivan, Jr.,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Marian V. Byram brought this action against Mildred F. Thompson in the district court for Douglas County. The purpose of the action is to obtain an accounting of all their partnership assets and a division and distribution thereof on an equal basis. Defendant answered claiming there had been a settlement and, by cross-petition, asked that plaintiff be required to perform the terms thereof. The trial court found that the parties had voluntarily made settlement of their partnership affairs and dismissed plaintiff's action. Plaintiff filed a motion for new trial and has appealed from the overruling thereof.

The action, being equitable in its nature, comes under the provisions of section 25-1925, R. R. S. 1943, and is here for review de novo. See, Baum v. McBride, 152 Neb. 152, 40 N. W. 2d 649; Kear v. Hausmann, 152 Neb. 512, 41 N. W. 2d 850.

"The existence of a partnership depends upon the agreement of the parties, and their intention is to be ascertained from all the evidence and circumstances." Baum v. McBride, 143 Neb. 629, 10 N. W. 2d 477.

The evidence establishes that appellant and appellee entered into a partnership agreement sometime in 1919 and operated thereunder until sometime in 1947.

The evidence on many material questions of fact is conflicting. This is particularly true with regard to the testimony of appellant and appellee. The record presents a factual situation to which the following is

applicable: "This being an equitable action it will be tried de novo in this court pursuant to section 20-1925, Comp. St. 1929, and we will reach an independent conclusion without referring to the findings of the district court. Subject, however, to the condition that when the evidence on material questions of fact is in irreconcilable conflict this court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of testifying and must have accepted one version of the facts rather than the opposite." Rettinger v. Pierpont, 145 Neb. 161, 15 N. W. 2d 393.

The record discloses that at the suggestion of the appellant, and after three or four days of negotiating, the parties, on August 9, 1947, voluntarily entered into a settlement of a part of their assets and made distribution thereof accordingly. This settlement disposed of all of their income holdings. It left undisposed of only their home located at 2332 North Fifty-fifth Street in Omaha, Nebraska, the furniture and furnishings in the home, and their 1941 Buick sedan.

"Without having recourse to court proceedings partners may state an account among themselves, either in full or as to some particular branch of the partnership transactions." 40 Am. Jur., Partnership, § 347, p. 371.

On November 26, 1947, the parties voluntarily entered into an agreement dissolving the partnership arrangement. The basis for the dissolution was an agreed-to distribution of the assets still remaining. This agreed-to settlement, as to appellant, provided that she was to have the home place, which has been deeded to her and of which she has at all times been in possession; that she was to have the furniture and furnishings in the home, of which she has at all times been in possession although appellee has never delivered a bill of sale thereof to her; and that she was to receive $3,500 in cash, of which she has received $2,000. As to appellee it provided that she was to have the 1941 Buick sedan, neith-

er title nor possession of which has ever been delivered to her. The car at all times has remained in possession of appellant. It will be noted that the terms of this final settlement have not been fully carried out by the parties. The reason for their failure to do so resulted from appellant's conduct. This will be discussed somewhat more at length later in the opinion.

Appellant, in her amended answer and reply, has pleaded that the agreements of August 9, 1947, and November 26, 1947, were obtained by appellee through fraud, duress, coercion, and misrepresentation. There is no evidence in the record to sustain these charges and we find them to be without merit.

On Saturday, November 29, 1947, after the parties had agreed to the terms of their final settlement, the appellant prevented it from being fully carried out by physically taking from appellee the keys she then had to the 1941 Buick sedan, thereby making it impossible for appellee to take the car. In view of this conduct appellee did not pay appellant the balance of $1,500 nor deliver to her the bill of sale to the furniture and furnishings. Appellant has at all times retained and used the car. We find the conduct of appellant in this respect to be inexcusable and the sole cause for the settlement not being fully carried out. The trial court denied either party any relief and left them as they were.

By her conduct appellant has converted the car to her own use. Since the parties, at the time of the final settlement, had agreed the car then had a value of $1,500 the appellee is entitled to have that amount deducted from the balance which was owing by her under the terms of the final settlement. Since that is the exact amount still owing the two items offset each other.

The title to the 1941 Buick sedan is in the name of both parties. To correct this situation the appellee should make the necessary transfer to place the title thereto solely in appellant. Likewise the bill of sale to the furniture and furnishings which was, at the time

of settlement, executed by appellee should be delivered to the appellant. In all other respects we find the decree of the trial court to be correct.

The decree of the trial court is therefore modified as herein set forth and as modified it is affirmed.

In view of the appellant's conduct being the cause of this litigation we find that all costs, both in this court and the trial court, should be taxed to her.

MODIFIED AND AFFIRMED.