TERRY GENE FRISCH, A MINOR, ET AL., APPELLANTS, V.
FRANK SVOBODA ET AL., APPELLEES.
157 N. W. 2d 774

Filed March 29, 1968.   No. 36691.

Paul L. Kubitschek and Tedd C. Huston, for appellant.

Jewell & Otte, for appellee Svoboda.

William W. Griffin, for appellee Shane.

Heard before WHITE, C. J., CARTER, BOSLAUGH, SMITH,
McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is an action for damages by Terry Gene Frisch
against Frank Svoboda and Charles Shane. The plain-
tiff was injured while filling a tank truck with liquid
fertilizer.

The amended petition alleged that the defendants were
engaged in a joint business adventure or that the plain-
tiff was employed by both defendants. The defendant
Shane moved for a summary judgment in his favor,
alleging that there was no genuine issue of material

fact because depositions on file showed that the defendants were not engaged in a joint adventure and that the plaintiff was not an employee of Shane.

The trial court found that the pleadings "and the depositions on file and in evidence for the consideration of the Court" established that there was no genuine issue of material fact respecting the existence of a joint adventure or employment of the plaintiff by Shane. The motion was sustained and the action dismissed as to Shane. The plaintiff's motion for new trial was overruled and he has appealed.

The bill of exceptions does not show that any evidence was offered or received at the hearing on the motion for summary judgment. Shane contends that this requires that the judgment be affirmed on the theory that a finding will be presumed correct in the absence of a bill of exceptions.

The problem here is not the absence of a bill of exceptions but a bill of exceptions that appears to contain no evidence to sustain the finding of the trial court. The burden of proof was on the movant to show conclusively that there was no issue of fact. Collett v. Hendrickson, 172 Neb. 571, 110 N. W. 2d 851. If there was no evidence before the trial court, the findings cannot be sustained.

Attached to the bill of exceptions are depositions of the plaintiff and the two defendants. Also attached to the bill of exceptions is an order of the trial court finding that certain other depositions, erroneously included in the bill of exceptions as originally prepared, should be excluded. This order recites that the attorneys in attendance, representing the plaintiff and Shane, "stipulated that the other depositions remaining in the record are a proper and necessary part of said record and correctly included in the Bill of Exceptions." Under the particular circumstances in this case, we believe that the depositions of the plaintiff and the defendants should be considered as having been received in evidence by the trial court and properly included in the bill of ex-

ceptions. See Cramer v. Clark, 121 Wash. 507, 209 P. 688, 24 A. L. R. 970.

The plaintiff testified that he had worked for Svoboda in a feedstore during the summer of 1963; that on July 14, 1964, he asked Svoboda "if there would be any work"; that Svoboda said yes; and that he commenced working that afternoon.

The plaintiff received all of his instructions from Svoboda and had no contact with Shane concerning the employment that commenced on July 14, 1964. The plaintiff's duties included unloading, hauling, and spreading liquid fertilizer. The fertilizer was pumped from a railroad tank car into a tank truck for transportation to where it was to be applied. The tanks on the applicators were then filled from the tank truck. The plaintiff was required to fill the tank truck from the tank car; drive the tank truck to the field; fill the applicator tank from the truck tank; and then operate a tractor which pulled the applicator. The plaintiff was injured while filling the tank truck on July 15, 1964.

The plaintiff testified that he considered that Svoboda had hired him to do the work but thought that there was some connection with Shane because Shane had furnished the truck and applicator.

Svoboda testified that Shane was in the fertilizer business and owned the tank truck and applicator. Svoboda had agreed with Shane to furnish a tractor and to unload, haul, and apply the fertilizer for 50 cents an acre. The payment was for the services of Svoboda and the use of his tractor. Svoboda had no interest in the fertilizer business and did not receive any commission for the sale of fertilizer. Svoboda did the work at his convenience, and there was no agreement concerning any employees to be hired by Svoboda. Shane did not know that Svoboda had hired the plaintiff, and the plaintiff was paid by Svoboda. Svoboda had two sons who helped him with the work; and if they were paid anything, it was by Svoboda.

Shane testified that he was in the liquid fertilizer business in 1964; that he had no partner or associate in the business other than his wife; that he sold the fertilizer applied; and that he "hired" Svoboda to apply it for him. Shane's only obligation to Svoboda was to pay him 50 cents per acre for applying the fertilizer. Shane's testimony, generally, was the same as that of Svoboda.

A joint adventure is in the nature of a partnership in which the parties have a common interest and equal voice in the performance of the undertaking and the control of the agencies used therein. Soulek v. City of Omaha, 140 Neb. 151, 299 N. W. 368. The absence of a mutual interest in the profits or benefits of the undertaking is conclusive that a partnership or joint adventure does not exist. Gardner v. Kothe, 172 Neb. 364, 109 N. W. 2d 405.

There is an entire absence of evidence to show that Shane and Svoboda were engaged in a joint adventure or that the plaintiff was an employee of Shane. Gardner v. Kothe, *supra*. The evidence shows conclusively that there was no genuine issue of material fact in regard to these allegations.

The judgment of the district court is correct and it is affirmed.

AFFIRMED.

SPENCER, J., participating on briefs.