HAVELOCK MEATS, INC., A CORPORATION, APPELLANT, v. C. MARVIN ROBERTS, APPELLEE.

180 N. W. 2d 875

Filed November 6, 1970. No. 37494.

Krause & Howland, for appellant.

Herbert M. Brugh and Barney & Carter, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

This was an action to recover the value of meat products sold and delivered. At the conclusion of the plaintiff's evidence, a motion to dismiss was sustained.

In the fall of 1964, this action was originally filed in the municipal court of Lincoln against Marvin Roberts and Alfred Hanna, defendants. It involved meat delivered to the Town and Country Restaurant in Lincoln, Nebraska, from May 20, 1964, through August 15, 1964.

No service was ever obtained upon the defendant Hanna. On February 20, 1968, judgment was entered in favor of the plaintiff and against the defendant Marvin Roberts. Roberts appealed to the district court. The plaintiff filed a special appearance objecting to the jurisdiction of the district court on appeal. That was overruled. Pleadings on appeal were then filed and the matter proceeded to trial in the district court.

The petition on appeal alleged that the defendant, Marvin Roberts, was the owner of the Town and Country Restaurant. It also alleged that the defendant, Alfred Hanna, was the manager of the restaurant at the relevant times and "was the employee and/or agent or partner of the said Marvin Roberts at all times herein relevant."

The evidence established that C. Marvin Roberts was the owner of a restaurant building located at 3045 Adams Street in Lincoln, Nebraska, which was designated as the Town and Country Restaurant. Roberts had ope-

rated a restaurant on the premises in partnership with his wife from 1958 to December 31, 1963. It was then closed, and remained closed until reopened by Hanna. At no time during the operation of the restaurant by Roberts and his wife, or thereafter, had they ever done any business with the plaintiff. Plaintiff's president testified that the first time he had ever talked to Roberts was in the summer of 1963. At that time he solicited Roberts' business, but Roberts refused to deal with him.

In early February 1964, the defendant Hanna came to Roberts and represented himself as being a chef and restaurant operator. Roberts had never met or known Hanna before. They made an oral agreement under which Roberts rented the building and equipment to Hanna as Hanna's sole operation. The rental was on a percentage basis of the gross receipts. Roberts went with Hanna to the bank and withdrew Roberts' Town and Country Restaurant checking account. Hanna opened an account in his name with the same bank. Roberts also went with Hanna to the electric company, the telephone company, the gas company, and major supply services to have the services changed to Hanna's name and taken out of Roberts' name. Thereafter Hanna reopened the restaurant sometime in February 1964.

The sign "Town and Country Restaurant," with the word "Roberts" on the sign, remained. The sign was and had always been owned by Nebraska Neon Company and leased by Roberts Dairy. That company furnished the sign to the defendant C. Marvin Roberts. He never bought the sign, but had purchased dairy products from Roberts Dairy when he was operating the restaurant business. C. Marvin Roberts obtained a bottle club license for the premises in 1963, which was used during the time of his operation. The license was not in use in 1964, although it had been renewed for one year in April 1964. It was surrendered to the State Liquor Commission sometime in August 1964.

The president of the plaintiff corporation called on

Hanna at the restaurant for the first time in May 1964. At that time, he made the agreement to sell meat. Thereafter orders were made by telephone and there was no identification of persons. Billing was to "Town and Country." On August 12, 1964, Hanna apparently absconded. A day or two later, Roberts reentered the property to close down the operation.

At the conclusion of plaintiff's evidence, the district court sustained a motion to dismiss. The basis for the motion was that plaintiff had failed to prove a cause of action against the defendant, C. Marvin Roberts, and there was no evidence from which his liability could be established.

We are met at the threshold by a preliminary procedural issue. The plaintiff asserts that the original appeal from the municipal court to the district court was defective, and that the district court obtained no jurisdiction of this cause. The basis for this contention is that the certificate of service of the notice of appeal was not verified under oath.

The notice of appeal was filed and served on the plaintiff within the statutory time. Certificate of that service was also filed in time. Thereafter, leave was granted to file an amended certificate of service. The timely filing and service of a notice of appeal are mandatory requirements under similar statutes. See Radil v. State, 182 Neb. 291, 154 N. W. 2d 466.

Where an appellant has complied with those requirements, the filing of a defective affidavit of service does not defeat the appeal. With respect to the specific appeal statute involved here, this court said: "The purpose of the legislation has been accomplished by the giving of such notice as the statute requires. The proof of the service of such notice is incidental only to the accomplishment of the purpose of the statute, is directory only, and may be relied on only when the failure to file results in prejudice to the adverse party." Sim-

mons v. Mutual Benefit Health & Acc. Assn., 183 Neb. 175, 159 N. W. 2d 197.

All jurisdictional requirements here were fully complied with within the time specified. The provisions of section 26-1,104.01, R. S. Supp., 1969, dealing with the certificate or proof of service of a notice of appeal, are not mandatory and jurisdictional, but directory only. Defective proof of service may be corrected or amended with the permission of the court.

The allegations in plaintiff's petition set out the basis of liability against the defendant Roberts. The petition alleges that Roberts is the owner of the Town and Country Restaurant. It alleges that at all relevant times, the defendant Hanna was the manager of the restaurant and was the employee or agent or partner of defendant Roberts.

The evidence establishes without contradiction that the defendant Roberts was the owner and lessor of the restaurant premises and defendant Hanna was the lessee. It also establishes that, in actuality, the defendant Hanna was not the employee or agent or partner of the defendant Roberts. The evidence wholly failed to show that the defendant Roberts participated in any way in the operation of the restaurant or in the making or performance of the contract during any of the time involved. His role was that of landlord, and occasional customer.

There is no allegation of any ostensible agency or partnership or reliance thereon. Even if it be assumed that some theory of ostensible partnership and agency had been pleaded, there is still a failure of proof. Section 67-307, R. R. S. 1943, subsection (1) provides: "Except as provided by section 67-316, persons who are not partners as to each other are not partners as to third persons."

Section 67-316, R. R. S. 1943, is essentially section 16 of the Uniform Partnership Act. It incorporates the principle of partnership by estoppel. That section pro-

vides in part: "(1) When a person, by words spoken or written or by conduct, represents himself, or consents to another representing him to any one, as a partner in an existing partnership or with one or more persons not actual partners, he is liable to any such person to whom such representation has been made, who has, *on the faith of such representation,* given credit to the actual or apparent partnership, * * *

"(2) When a person has been thus represented to be a partner in an existing partnership, or with one or more persons not actual partners, he is an agent of the persons consenting to such representation to bind them to the same extent and in the same manner as though he were a partner in fact, with respect to persons who rely upon the representation." (Emphasis ours.)

There is no evidence in this record that either Roberts or Hanna ever represented to the plaintiff that Hanna was an employee, agent, or partner of Roberts, much less any evidence that plaintiff relied upon any representation of any kind implying any such relationship.

Under the doctrine of partnership by estoppel, it is essential to the cause of action that the party asserting liability against a nonpartner must have been induced by misleading appearances to change his position to his detriment. See, Wisconsin Telephone Co. v. Lehmann, 274 Wis. 331, 80 N. W. 2d 267; 40 Am. Jur., Partnership, § 76, p. 182.

There is no evidence in the record here that the plaintiff did anything it would not have done, or refrained from doing anything that it otherwise would have done, had it known the true facts relative to the relationship between Roberts and Hanna. If the plaintiff was seeking to hold defendant Roberts liable by estoppel, it had the burden of proving the elements of estoppel.

The action of the trial court in dismissing plaintiff's petition was correct and is affirmed.

AFFIRMED.