STEVEN GRUBBS AND MARILYN GRUBBS, APPELLEES, V. E. JAMES KULA, APPELLANT.
325 N.W.2d 835

Filed October 29, 1982. No. 82-121.

Raymond, Olsen, Coll & Ediger, P.C., for appellant.

Robert G. Pahlke and Van Steenberg, Brower, Chaloupka, Mullin & Holyoke, for appellees.

Heard before KRIVOSHA, C.J., McCOWN, WHITE, and CAPORALE, JJ., and BRODKEY, J., Retired.

CAPORALE, J.

This is an appeal from a contract action tried without a jury. The defendant-appellant, E. James Kula, appeals from a judgment which awarded the plaintiff-appellee Steven Grubbs the sum of $8,860.40 and dismissed defendant's counterclaim. We affirm.

Defendant contends five errors were made by the trial court: first, in determining the amount of the monthly wage guaranteed to plaintiff; second, in finding the amount of the plaintiff's share of the 1979 calf crop; third, in refusing to admit testimony regarding rent, utilities, and gasoline furnished to plaintiff, which allegedly entitled defendant to a like reduction from the monthly guarantee; fourth, in determining the amount of damages it awarded to plaintiff for the breach; and, fifth, in failing to find that plaintiff had failed to properly maintain defendant's ranch during the 1979 summer season, with the result that the 1979-80 wheat crop yield was reduced, to defendant's damage, in the amount of $8,137.50.

The record indicates that plaintiff and defendant agree they entered into an arrangement under the terms of which plaintiff was to operate defendant's ranch. They also agree that although this action was brought in the names of both Steven Grubbs and his wife Marilyn, the arrangement was only between Mr. Grubbs and defendant. Thereupon, any similarity in the testimony of the parties ceases.

Plaintiff asserts in substance that he and defendant had an oral contract, modified each growing sea-

son, under the terms of which he operated defendant's ranch. For the 1978 season, plaintiff claims he was to be guaranteed the wages which he had theretofore been receiving at Hiner Implement Company, in the amount of $1,100 per month, and also one-third of the wheat crop, if any; he was to incur no personal liability for any expense, regardless of the nature of the item. During the 1978-79 winter season, plaintiff and his wife moved into the house on the ranch in question. Plaintiff asserts that there was to be no rent paid nor offset given therefor, also that defendant agreed to pay the utilities. For the 1979 season, plaintiff asserts the agreement was identical and that he also was to care for about 50 head of cattle, some of which were to have been bred; for this he was to receive one-half of the calf crop. Plaintiff further testified that when the time came for an accounting and settlement of the 1979 season, defendant refused to pay anything, explaining he "couldn't afford any division" that year, since he "hadn't had as good crops" in his other agricultural operations as he had desired.

Defendant asserts in substance that he never made any crop-sharing agreements with plaintiff, that he instead merely took plaintiff on as a hired man on a wage basis. Defendant further asserts he was to be paid, or take as an offset, $200 per month as rental for the house; that he never agreed to give plaintiff any of the calf crop (in fact, the cattle were not even to have been bred); that he had only agreed to pay for propane gas and diesel fuel but not for other utilities; and that he never had the conversation wherein he allegedly refused to pay plaintiff amounts for the 1979 season.

The record is also replete with conflicting testimony concerning, among other items, the crops actually harvested; repair costs; the condition of machinery; the condition of the land at various times regarding the care given it, or lack thereof;

and proper maintenance for defendant's equipment used on and kept at the ranch.

With respect to defendant's first and second contentions of error, there is little in the record other than the parties' own conflicting testimony concerning the monthly amount to be paid: plaintiff asserts it was $1,100, defendant asserts it was $1,000; plaintiff claims he was to have one-half of the calf crop, defendant states there was no such agreement. Where an action in law is tried without a jury, the disposition of the court has the effect of a jury verdict and is not disturbed on appeal unless it is clearly wrong. *Atlas Steel & Wire Corp. v. L & M Constr. Chemicals, Inc., ante* p. 16, 321 N.W.2d 64 (1982); *Smith v. Erftmier,* 210 Neb. 486, 315 N.W.2d 445 (1982). We find nothing in the record to suggest either that the $1,100 amount finding or the finding of a calf-crop sharing agreement was clearly wrong.

The third contention alleges error by the court in refusing to admit testimony concerning rent, utilities, and gasoline allegedly furnished to plaintiff, which supposedly entitled defendant to a like reduction from the monthly guarantee or wage which was to have been paid to plaintiff. A reading of the actual counterclaim indicates that although it does in fact contain the word "accounted," it nonetheless in substance seeks a setoff, so that defendant's argument that the cause related only to an accounting and not to a setoff is without merit. The setoff/accounting counterclaim cause was dismissed earlier in the proceeding. No error is claimed as to that dismissal. It primarily related to a setoff, and the action of the court in excluding evidence concerning it was necessarily correct. In this connection we observe that although the transcript contains copies of a number of useless documents (e.g., a special appearance; a motion for leave to withdraw, and the ruling thereon; and various discovery items, none of which are at issue), the ruling dismissing the

setoff/accounting cause of the counterclaim is absent. Plaintiff refers in his brief to the dismissal by agreement at the pretrial conference and documents the statement only by a reference to counsel's conversations with the trial judge. We do find in the bill of exceptions, as a result of our own search, the trial judge's statement during trial that the pertinent language had been stricken. We refer counsel to the Revised Rules of the Supreme Court of Nebraska (1982), Rules 4A, 9C, and 9D(1)(f). We caution that failure to cause proper preparation of the record or the failure to properly document the brief with appropriate references to the record carries substantial risks and may have grave consequences.

Defendant's fourth contention relates to the propriety of the court's determination of the amount of damages which it awarded to plaintiff. Defendant argues that the damages awarded are not substantiated by the evidence and are not sufficiently certain in nature, but are speculative and contingent. This supposition and the cases which defendant cites in support thereof are not apposite here. The evidence adduced, which ranged from oral testimony to written documentation, including bills and invoices, was sufficiently substantial and certain in nature as to allow the trial court to arrive at a reasonable determination. The amount which it settled upon was not clearly wrong so as to require a reversal in view of the dollar amounts adduced relating to various matters, including the wage equivalency guarantee, the sharing of the calf crop, and the unreimbursed expenditures. Absent such a disparity, the amount will not be disturbed on appeal. *Smith v. Erftmier, supra.*

Finally, defendant contends error in the failure to find that plaintiff had not properly maintained the ranch during the 1979 summer season but, rather, had allowed it to become infested with weeds to the point that the yield of the 1979-80 wheat crop was re-

duced, to defendant's damage, in the amount of $8,137.50. The evidence in the record could support a conclusion either way on this point; it is not so clearly supportive of defendant rather than plaintiff that we may disturb it on appeal. *Smith v. Erftmier, supra.*

In reaching these conclusions, we are mindful that it is not within our province here to resolve evidentiary conflicts or to weigh evidence; rather, it is our obligation to review the judgment entered in light of the evidence and to consider the evidence in that light most favorable to the successful party, resolving all conflicts in his favor and granting him the benefit of every inference which is reasonably deducible therefrom. *Noll v. Valley County Hospital, ante* p. 22, 321 N.W.2d 66 (1982); *Atlas Steel & Wire Corp. v. L & M Constr. Chemicals, Inc., ante* p. 16, 321 N.W.2d 64 (1982); *Cotner College v. Estate of Hester,* 155 Neb. 279, 51 N.W.2d 612 (1952). From this perspective it can in no wise be said that it was reversible error to find against defendant on his counterclaim.

The judgment of the court below is hereby affirmed.

AFFIRMED.