In re Estate of Harry W. Carman, deceased.
Edward Axmann et al., appellants, v. Amanda Carman,
appellee.
354 N.W.2d 634

Filed September 7, 1984.   No. 83-424.

John S. Mingus of Mingus & Mingus, for appellants.

Tye, Hopkins & Williams, for appellee.

Krivosha, C.J., Boslaugh, White, Hastings, Shanahan, and Grant, JJ., and Colwell, D.J., Retired.

Colwell, D.J., Retired.

This is an appeal from the judgment entered by the district court upon the mandate of this court following the original appeal in a probate proceeding reported at 213 Neb. 98, 327 N.W.2d 611 (1982). The facts are not restated.

Appellants argue that the judgment does not carry out the terms of the mandate, particularly concerning the personal property. That judgment directs the computation of the augmented estate to include all property owned by the surviving spouse at the date of decedent's death to the extent that it is derived from the decedent; particular reference is made to a one-half interest in described real estate and a one-half interest in cattle, hogs, milo, corn, machinery, and household goods acquired during the marriage. Each item bears the notation "balance in probate estate."

With regard to the undivided one-half interest in the real estate owned by Amanda Carman as a tenant in common, the district court properly dealt with that property. The appellants seem to argue that the 1982 opinion indicated that Mrs. Carman had no interest in the property. The 1982 opinion addressed only the nature of the contribution made by the surviving spouse and whether the one-half interest could be excluded from the augmented estate. The title to that property was held as tenants in common, and the opinion did nothing to

change Mrs. Carman's ownership of an undivided one-half interest therein.

Concerning the treatment of the personal property in the first appeal, we addressed only the questions of whether Mrs. Carman's contribution in labor constituted a contribution in money's worth and whether the property was to be included in the augmented estate. We there affirmed the trial court's finding that Mrs. Carman had failed to establish ownership of one-half of the personal property and its order to the county court to include in the augmented estate "the full decedent's ownership of corn, milo, cattle, and machinery." Our opinion did not disturb that determination.

To the extent that the judgment entered on the mandate included the one-half interest in corn, milo, cattle, and machinery under the category "property owned by the surviving spouse . . . to the extent that it is derived from the decedent," the order was in error. The district court had previously found that she had no such interest.

We therefore affirm in part and in part reverse and remand with directions to enter judgment in accordance with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.