SOUTH SIOUX CITY STAR, APPELLEE, V. ILA M. EDWARDS, APPELLANT, VEARL E. EDWARDS, DOING BUSINESS AS EDWARDS IGA, APPELLEE.

357 N.W. 2d 178

Filed October 26, 1984.   No. 83-373.

Kurt A. Hohenstein, for appellant.

Mohummed Sadden, for appellee Star.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ., and COLWELL, D.J., Retired.

CAPORALE, J.

Defendant-appellant, Ila M. Edwards, contends the evidence does not support the $9,844.41 judgment entered against her, following a trial without a jury, for advertising services rendered to Edwards IGA grocery store by plaintiff-appellee, South Sioux City Star. For the reasons hereinafter stated we conclude the evidence does not support the finding that Mrs. Edwards was her husband's business partner in the operation of Edwards IGA, and therefore reverse with directions to dismiss the action.

Shortly after the Star instituted the present action against Mr. and Mrs. Edwards in 1982, Mr. Edwards sought certain relief under the federal Bankruptcy Reform Act of 1978. The Star then proceeded against Mrs. Edwards, taking the position she was a partner in the operation of Edwards IGA and therefore liable for the partnership's debts. Mrs. Edwards denied she was her husband's business partner.

We must first settle the scope of our review. As a suit to recover monetary damages for services rendered, this case presents an action at law for the breach of a contract, *Rudolf v. Tombstone Pizza Corp.*, 214 Neb. 276, 333 N.W.2d 673 (1983),

and *Grubbs v. Kula*, 212 Neb. 735, 325 N.W.2d 835 (1982), in which the principal issue is whether a partnership existed. Where the evidence is contradictory, the determination of whether a partnership exists presents questions of fact for the jury. *Carlson v. Peterson*, 130 Neb. 806, 266 N.W. 608 (1936); *Interstate Airlines, Inc. v. Arnold*, 124 Neb. 546, 247 N.W. 358 (1933); *Blue Valley State Bank v. Milburn*, 120 Neb. 421, 232 N.W. 777 (1930). A jury having been waived, the disposition of the trial court in these circumstances has the effect of a jury verdict and is not to be disturbed on appeal unless it is clearly wrong. *West Town Homeowners Assn. v. Schneider*, 215 Neb. 905, 341 N.W.2d 588 (1983); *Grubbs v. Kula, supra*. Thus, the question is whether the trial court's finding of liability on the part of Mrs. Edwards is clearly wrong. We conclude that it is.

The Star's managing editor, Henry Trysla, testified it was his understanding that the grocery store was a "family owned business." He admitted, however, that he spoke with Mrs. Edwards "very few" times about advertising, since "[s]he was not around." Billings were sent directly to the store. The substance of the Edwardses' testimony is that although Mrs. Edwards had done bookkeeping work at the store from 1971 to perhaps as late as 1974, she had "basically had no dealings in this business" since 1974 or 1975. She at no time dealt directly with any suppliers, made any management decisions, ordered any food or supplies, supervised any employees, or placed any advertising orders. The leases for the store were executed solely by Mr. Edwards. The Edwardses filed joint tax returns in connection with which the business schedules listed them both as proprietors of the store. The Edwardses' accountant, James Getting, testified the latter was done only to identify to whose returns the schedules applied. No partnership tax returns were ever filed. Certain security agreements and financing statements executed for the operation of the store were signed by both Mr. and Mrs. Edwards, while others were signed only by Mr. Edwards. One creditor testified its policy was "to require the spouse's signature in most cases." There is no evidence that Mrs. Edwards contributed to the resources of the business nor that she shared in the profits or losses of the business, except as the wife of Mr. Edwards.

*Baum v. McBride*, 143 Neb. 629, 630, 10 N.W.2d 477, 478 (1943), quoting *Waggoner v. First Nat. Bank of Creighton*, 43 Neb. 84, 61 N.W. 112 (1894), defines a partnership as " 'a contract of two or more competent persons to place their money, effects, labor, skill, or some or all of them, in lawful commerce or business, and to divide the profit or bear the loss in certain proportions.' " Although the existence of a partnership depends upon the intention of the parties to form such an entity, that intention, where in dispute, is to be ascertained objectively from all the evidence and circumstances. *Byram v. Thompson*, 154 Neb. 756, 49 N.W.2d 628 (1951); *Baum v. McBride, supra*.

The sharing of profits is a primary factor to be considered in ascertaining the intention of the parties. *Frisch v. Svoboda*, 182 Neb. 825, 157 N.W.2d 774 (1968), held that the absence of a mutual interest in the profits or benefits of an undertaking is conclusive that a partnership does not exist. See, also, Neb. Rev. Stat. § 67-307(4) (Reissue 1981), which provides that the receipt of a share of the profits of a business, with certain exceptions not relevant here, is prima facie evidence that one is a partner.

Another of the factors to be considered is the extent to which one has a voice in the management of the business. *Frisch v. Svoboda, supra*.

Applying the above principles to the facts of this case, it is evident that there are no circumstances from which an intention to form a partnership may be imputed to the Edwardses. The evidence shows only that Mr. Edwards supported his family with money made from operating the store, not that Mrs. Edwards had a direct right to a certain percentage of the store's profits. Such evidence may indicate the existence of a sound marriage, but it certainly does not establish a business partnership. See *In re Estate of Carman*, 213 Neb. 98, 327 N.W.2d 611 (1982), which held that a widow's contention that she did more than merely perform as a farm wife and in fact functioned as a partner in her deceased husband's farming operation did not, in the absence of an express contract to compensate her for those extra and unusual services, entitle her to remove from the augmented estate one-half the value of the

jointly produced and acquired assets. Were the evidence in this case to be held sufficient to establish a partnership, every spouse would become a partner in the other spouse's occupation if the working spouse's income were used to support the family. This cannot be.

The trial judge was persuaded that a partnership existed because the Edwardses filed joint tax returns with schedules which listed both of them as proprietors. However, the accountant who prepared the filings explained, as stated earlier, why the schedules were so prepared, and testified further that the returns would not be proper filings for a partnership and that the Edwardses never represented to him they were partners.

Neither is the fact that Mrs. Edwards signed a note and some security agreements and financing statements indicative that a partnership existed. In *Ogallala Fertilizer Co. v. Salsbery*, 186 Neb. 537, 184 N.W.2d 729 (1971), a case denying a grain supplier recovery from a farm wife on the theory she was her husband's partner, we said the fact that a wife signs notes with her husband is not, without further explanation of the circumstances, determinative that a partnership exists. The only explanation of the circumstances in this case is that one of the grocery store's suppliers "require[s] the spouse's signature in most cases." This hardly constitutes a showing of an intention by the Edwardses to be partners.

There being no intentional partnership between Mr. and Mrs. Edwards, the only ground left on which to base the trial judge's decision would be on the theory that a partnership existed by estoppel. However, *Havelock Meats, Inc. v. Roberts*, 186 Neb. 73, 180 N.W.2d 875 (1970), states that in order to prove such a partnership, there must be evidence that a nonpartner held himself or herself out as a partner, or permitted himself or herself to be so held out, and that the third person relied on that misrepresentation to his or her detriment. That holding makes it clear the statement of the Star's managing editor, that he understood the grocery store was a "family owned business," falls far short of the quantum of proof needed to establish a partnership by estoppel. See, also, § 67-307(1), providing that persons who are not partners as to

each other are not partners as to third persons, and Neb. Rev. Stat. § 67-316 (Reissue 1981), requiring detrimental reliance upon a misrepresentation as to a nonpartner's status as a partner, which statutes were applied in *Havelock Meats, Inc.* No such evidence exists in this case.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.