IN RE ESTATE OF RAY WELLS, DECEASED.
ANNA H. SMITH, PERSONAL REPRESENTATIVE OF THE ESTATE OF RAY WELLS, DECEASED, APPELLANT, V. STATE OF NEBRASKA, APPELLEE.

380 N.W.2d 615

Filed January 31, 1986.    No. 84-335.

Joseph J. Cariotto, for appellant.

Michael G. Heavican, Lancaster County Attorney, and Michael E. Thew, for appellee.

KRIVOSHA, C.J., HASTINGS, and SHANAHAN, JJ., and BRODKEY, J., Retired, and OTTE, D.J.

OTTE, D.J.

Anna H. Smith appeals from an order of the Lancaster County District Court affirming an order of the Lancaster

County Court assessing an inheritance tax of $28,329.50 on the estate of Ray Wells. We affirm.

On December 17, 1981, Anna H. Smith, as personal representative of the estate of Ray Wells, filed her petition in the Lancaster County Court claiming that she and Ray were partners and asking that not less than one-half the real and personal property of the estate be declared partnership property, having been held in trust by Ray for Anna. Anna contends that one-half of the assets did not pass to her by Ray's will but, rather, are hers as a result of the partnership agreement with Ray and are therefore not subject to inheritance taxes under Neb. Rev. Stat. § 77-2001 (Reissue 1981). Anna's interest in the estate is not limited to that of personal representative; she is also the sole recipient of the rest, residue, and remainder of Ray's estate under his will.

Also on December 17, 1981, Anna filed an inheritance tax worksheet, which she signed on September 22, 1981, in which the taxable amount of the Wells estate was fixed at $77,888.20. The tax due on this amount was $11,469.88. The Lancaster County attorney's office did not approve the computation, and subsequently Anna submitted a second worksheet, setting the taxable amount of the Wells estate at $181,302.78, with inheritance tax of $28,329.50.

On February 9, 1982, the Lancaster County Court disallowed Anna's petition and assessed the tax at $28,329.50. Anna appealed the order to the Lancaster County District Court. On February 24, 1984, the district court affirmed the county court's order, and Anna now appeals to this court.

Anna makes several assignments of error which can be condensed into the question of whether the district court erred when it determined that Anna and Ray were not partners during Ray's lifetime.

The undisputed evidence shows that Anna and Ray had known each other for approximately 20 years. Their association began when Ray was forced to abandon his occupation as an independent trucker. Anna convinced Ray to go into the hog raising business and, subsequently, a farming operation. Although they never married, Anna and Ray lived together in a house previously owned and occupied by Ray. The

hog operation and farm were located on a parcel of land on West O Street, the downpayment of which came from money Ray received when he sold his tractor and trailer.

Anna and Ray worked together on the farm, sharing the physical labor in all respects except for tasks that Ray was unable to perform because of medical reasons. Anna alone kept the books of the farming operation. A checking account carrying both parties' names was used to deposit all gross income received and to pay all personal expenses and costs incurred in the farming operation. Anna and Ray also owned an automobile which was titled in both names.

The estate inventory lists two parcels of real estate, shares of stock, grain, and farm machinery, all titled, and in the case of the real estate, mortgaged, solely in the name of Ray Wells. No designation of a partnership appeared on any financial statements or accounts, and no partnership tax return was ever prepared or filed. After Ray's death Anna filed a claim against his estate to recover a $20,000 loan to the farm operation which was evidenced by a promissory note signed by Ray.

In its brief the appellee suggests that the appropriate standard of review in this case is for error appearing on the record, as required by Neb. Rev. Stat. § 25-1911 (Reissue 1979), rather than de novo on the record, the standard designated in Neb. Rev. Stat. § 25-1925 (Reissue 1979) for this court's review of equity cases. We do not reach the issue at this time because we find that, under either standard, the evidence is insufficient to establish that a partnership existed.

The existence of a partnership is a question of fact under the evidence. *Carlson v. Peterson*, 130 Neb. 806, 266 N.W. 608 (1936). The intent of the parties is of prime concern in determining whether a partnership exists. *South Sioux City Star v. Edwards*, 218 Neb. 487, 357 N.W.2d 178 (1984). Where intent is in dispute, it will be ascertained objectively from all the evidence and circumstances. *Id*. The burden of establishing the existence of a partnership is upon the party asserting that such a relationship exists. *Johnson v. Graf*, 162 Neb. 396, 75 N.W.2d 916 (1956).

Unlike a case where a plaintiff is claiming the existence of a partnership with the defendant and must establish such

partnership by clear and convincing evidence, see *Carlson v. Peterson, supra*, where, as here, a third person asserts the existence of a partnership, the party charged with the burden of proof must establish by a preponderance of the evidence the issue essential to recovery. *In re Estate of Severns*, 217 Neb. 803, 352 N.W.2d 865 (1984) (citing *Davis v. Landis Outboard Marine Co.*, 179 Neb. 391, 138 N.W.2d 474 (1965)).

Neb. Rev. Stat. § 67-306 (Reissue 1981) provides in part that "[a] partnership is an association of persons organized as a separate entity to carry on a business for profit." In *South Sioux City Star v. Edwards, supra*, we further defined a partnership as " ' "a contract of two or more competent persons to place their money, effects, labor, skill, or some or all of them, in lawful commerce or business, and *to divide the profit or bear the loss in certain proportions.*" ' " (Emphasis supplied.) 218 Neb. at 490, 357 N.W.2d at 180 (quoting *Baum v. McBride*, 143 Neb. 629, 10 N.W.2d 477 (1943)).

Neb. Rev. Stat. § 67-307 (Reissue 1981) also provides standards to determine the existence of a partnership. The statute reads in part:

> In determining whether a partnership exists, these rules shall apply:
>
> . . . .
>
> (2) Joint tenancy, tenancy in common, tenancy by the entireties, joint property, common property, or part ownership does not of itself establish a partnership, whether such co-owners do or do not share any profits made by the use of the property.
>
> (3) The sharing of gross returns does not of itself establish a partnership, whether or not the persons sharing them have a joint or common right or interest in any property from which the returns are derived.
>
> (4) The receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business . . . .

With these guidelines in mind we find the county court's assessment of the evidence in this case to be correct. The evidence shows that Anna and Ray associated in the operation of an agricultural business for approximately 20 years. During

this association, Anna kept the books of the business and was an active participant in a wide variety of activities necessary to a successful farming operation. The gross income from the farm was deposited in an account titled jointly in Anna's and Ray's names. These funds were used to pay the personal expenses of both parties and to pay the business expenses of the farm. The evidence also shows that Ray's original contribution of $7,000 from the sale of his tractor and trailer was the money used for a downpayment on the land where the farming operation was located. From the proceeds of the farm came most of the property included in Ray's estate.

Based upon this evidence, Anna argues that she and Ray were partners in the farming business. In *In re Estate of Carman*, 213 Neb. 98, 327 N.W.2d 611 (1982), the surviving spouse posited a similar argument based upon evidence of her work on the family farm. Although the facts and legal propositions differed from those at hand, we nonetheless find the reasoning in *Carman* appropriate. In *Carman* the court determined that the contribution of the wife relative to her work on the farm was not a contribution "in money's worth" as required by Neb. Rev. Stat. § 30-2313 (Reissue 1979) such that one-half the value of the farm production and jointly acquired personalty should be excluded from the augmented estate and set aside as Mrs. Carman's separate property. We said at 101, 327 N.W.2d at 614:

> From these facts appellee argues that she did more than merely perform as a farmwife; that in fact she functioned as a partner in the farming operation, or in any event did at least as much as would a hired hand; and, thus, one-half of the items of farm production and other items of personalty were to be treated as being owned by her outright. We, as did the District Court, disagree.

While the evidence in the instant case may indeed prove the existence of an understanding between Anna and Ray to contribute their labor and skills to the operation of a farm, it does not establish that the farm was intended to operate as a partnership. According to § 67-307(4), the receipt of a share of the profits of a business is prima facie evidence of a partnership. In *South Sioux City Star v. Edwards*, 218 Neb.

487, 490, 357 N.W.2d 178, 180 (1984), we elaborated on this statutory directive:

> The sharing of profits is a primary factor to be considered in ascertaining the intention of the parties. *Frisch v. Svoboda*, 182 Neb. 825, 157 N.W.2d 774 (1968), held that the absence of a mutual interest in the profits or benefits of an undertaking is conclusive that a partnership does not exist.

The evidence indicates only that the money made from the farm was intended to be used to support the personal and business needs of the parties and the farm. It does not indicate that Anna had a direct right to a certain percentage of the farm's profits. See *South Sioux City Star, supra*. We also find significant the fact that Ray was solely liable on the indebtedness against property that Anna now claims as partnership property. Perhaps the most telling indicator of the parties' intent is the fact that Anna loaned $20,000 to the operation but then filed a claim in Ray's estate for repayment in full. These facts do not indicate an intent "to divide the profit or bear the loss in certain proportions." *South Sioux City Star, supra*.

For these reasons the judgment of the Lancaster County District Court assessing inheritance tax in the amount of $28,329.50 is affirmed.

AFFIRMED.