PROFESSIONAL RECRUITERS INC., APPELLEE, V. WILKINSON
MANUFACTURING COMPANY, INC., APPELLANT.
383 N.W.2d 770

Filed March 28, 1986.    No. 85-011.

P. Scott Dye and R. Scott Anderson of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, for appellant.

Kenneth W. Pickens, for appellee.

KRIVOSHA, C.J., WHITE, and HASTINGS, JJ., and CAMP, D.J., and COLWELL, D.J., Retired.

KRIVOSHA, C.J.

The district court for Douglas County, Nebraska, entered judgment in favor of the appellee, Professional Recruiters Inc., and against the appellant, Wilkinson Manufacturing Company, Inc., in the amount of $9,984 plus costs. The basis of the court decree was that Wilkinson had breached its contract with Professional Recruiters in that Wilkinson had refused to pay Professional Recruiters a previously agreed upon fee due Professional Recruiters for having obtained an employee for Wilkinson. From that order Wilkinson now appeals to this court. We affirm.

This is a law action in which the jury was waived and the case tried to the court. See *Grubbs v. Kula*, 212 Neb. 735, 325 N.W.2d 835 (1982). We have consistently held that where an action at law is tried without a jury, the decision of the trial court has the effect of a jury verdict and will not be disturbed on appeal unless it is clearly wrong. See, *Havelock Bank v. Woods*, 219 Neb. 57, 361 N.W.2d 197 (1985); *South Sioux City Star v. Edwards*, 218 Neb. 487, 357 N.W.2d 178 (1984); *West Town Homeowners Assn. v. Schneider*, 215 Neb. 905, 341 N.W.2d 588 (1983).

The most that can be said about the record in this case is that the evidence is in conflict. In that regard we have also frequently held that it is not within the province of this court to resolve evidentiary conflicts or to weigh evidence. Rather, it is our obligation to review the judgment entered in light of the evidence and to consider the evidence in the light most favorable to the successful party, resolving all conflicts in his favor and granting him the benefit of every inference which is reasonably deducible therefrom. See *Grubbs v. Kula, supra*.

Viewing the evidence, therefore, in a light most favorable to Professional Recruiters, the district court could find that Professional Recruiters is a firm specializing in the placement of people in the data processing industry. On October 15, 1981, Louis Tomsu, Wilkinson's personnel director, contacted Sandra Olson, an employee of Professional Recruiters, and requested her assistance in locating a data processing manager. Tomsu also on that date contacted "four or five" or "six" other agencies in his attempt to locate a manager. Olson testified that because Wilkinson was a new client, she discussed with Tomsu the fee schedule, which was based upon a specific percentage of the newly hired employee's starting salary but not to exceed a maximum fee of 30 percent of the salary. Olson testified that Tomsu orally agreed to pay the fee. No written contract or signed memorandum was entered into by the parties. Olson further testified that she sent a fee schedule to Tomsu, although no transmittal letter is in evidence. Tomsu denies making any agreement concerning the fees or receiving any fee schedule. This, however, was a conflict which the district court resolved in favor of Professional Recruiters. Under the rules as earlier

outlined, we are bound to accept that finding.

Olson further testified that Tomsu agreed to a 30-day "placement guarantee." Tomsu denied that such a placement guarantee was ever discussed. The evidence then establishes that Professional Recruiters referred three candidates to Wilkinson. The third candidate was Robert Haifley, Jr. Professional Recruiters had a conference of approximately 15 to 30 minutes in length with Haifley before referring him to Wilkinson. Upon referral Tomsu requested Haifley's telephone number, which Professional Recruiters provided. Haifley prepared his own resume, interviewed with Wilkinson, and negotiated his own agreement.

On December 31, 1981, Haifley entered into a contract with Wilkinson to provide Wilkinson data processing services. The agreement was to become effective on January 4, 1982. The contract attempted to describe Haifley as a consultant but contained provisions consistent with an employment agreement. The contract required Haifley to work a minimum of 40 hours per week and further required that he obtain from Wilkinson permission to work any hours in excess of 40 for which he would seek compensation. While the contract, on its face, purports to be a contract of 1 year's duration, other provisions of the contract basically permit Wilkinson to terminate the contract at will. The contract also prohibited Haifley from subcontracting out any duties under the contract. The district court obviously found that the "contract" entered into between Wilkinson and Haifley was one covered by the agreement between Professional Recruiters and Wilkinson, and, again, we cannot say the district court was wrong.

While Tomsu informed Professional Recruiters that Wilkinson had interviewed Haifley and was definitely interested in Haifley, Tomsu did not at any time inform Professional Recruiters that Wilkinson had hired Haifley. Professional Recruiters continued to refer candidates to Wilkinson until Haifley informed Professional Recruiters that he had been hired by Wilkinson. In fact, even after Haifley began working for Wilkinson, Tomsu continued to deny that Haifley was employed. A former employee of Wilkinson testified that Tomsu had told him that Wilkinson would not be

required to pay a fee to Professional Recruiters because Haifley had been hired as a consultant and not as an employee. After Professional Recruiters learned that Haifley was working for Wilkinson, Professional Recruiters sent Wilkinson a bill. Haifley continued to provide services in data processing to Wilkinson until May 17, 1982, when his arrangement with Wilkinson was terminated. Haifley was paid a total of $12,400.16 by Wilkinson.

The mere assertion by Wilkinson that the contract between Wilkinson and Haifley was for the retention of an independent consultant and not the retention of an employee is not sufficient to carry the day. Whether one is an independent contractor or an employee is most often a question of fact to be determined by the trier of facts from the evidence. What various parties to the agreement describe the arrangement as is not binding. The criteria for determining whether one is an independent contractor or an employee include the right of control, the independence the workman enjoys, the degree of supervision of the work, whether tools are provided by the workman or the other party, the method of payment, and the contractual understanding between the parties. See *Rudolf v. Tombstone Pizza Corp.*, 214 Neb. 276, 333 N.W.2d 673 (1983). As we observed in *Voycheske v. Osborn*, 196 Neb. 510, 244 N.W.2d 74 (1976): "There is no single test by which the determination of whether or not a workman is an employee, as distinguished from an independent contractor, may be made. This must be determined from all the facts in the case." (Syllabus of the court.)

As we have observed, the district court resolved these facts in favor of Professional Recruiters and against Wilkinson. Based upon the evidence in the case, we cannot say that the district court erred in concluding that Haifley was in fact an employee and not an independent contractor.

In view of the fact that we cannot say as a matter of law that the district court's findings were in error, we are required to affirm the decision of the district court. The decision is affirmed.

AFFIRMED.

WHITE, J., concurring.

I concur in the result reached by the majority, except that portion of the opinion discussing Haifley's status of employee or consultant. The resolution of this case has nothing to do with Haifley's employment status; it has to do with the terms of the agreement between the appellant and the appellee. The majority's discussion of Haifley's status is irrelevant unless there was some condition in the contract between appellant and appellee which makes employment status a variable in the parties' obligations. Here, there is no indication that this was the case.