MARY YOUNG MEN'S CHRISTIAN ASSOCIATION OF BEATRICE, NEBRASKA, ALSO KNOWN AS YOUNG MEN'S CHRISTIAN ASSOCIATION OF BEATRICE, NEBRASKA, APPELLEE, V. INEZ E. HALL, APPELLANT.

386 N.W.2d 863

Filed May 16, 1986.   No. 85-333.

James L. Nelson of Carlson & Nelson, for appellant.

No appearance for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

This was an action brought in the county court by the Mary Young Men's Christian Association of Beatrice, Nebraska, to recover the amount due on a pledge made by the defendant, Inez E. Hall, to the association.

The amended petition alleged that on September 25, 1979, the defendant signed a pledge card in which she agreed to contribute $2,500 to the plaintiff in quarterly installments over a 2-year period commencing in January 1981. The plaintiff further alleged that the defendant had made none of the payments and that the entire amount was now due.

The answer alleged that the plaintiff's signature on the pledge card had been obtained by false representations and that the plaintiff had failed to perform two conditions precedent in that it had failed to collect $150,000 from an anonymous donor and secure and collect pledges exceeding $150,000 within 90 days of August 24, 1979.

The county court found there was no evidence of false representations or that the pledge was subject to the conditions alleged in the answer and entered judgment for the plaintiff. Upon appeal to the district court the judgment was affirmed. The defendant has now appealed to this court.

The defendant has assigned as error that the court erred (1) in finding there was no evidence that the defendant's pledge was obtained through false and fraudulent representations and (2) in finding that the subscription agreement was not subject to any conditions precedent.

The record shows that the pledge made by the defendant was in connection with a campaign to obtain pledges to meet a challenge gift from an anonymous donor. There is no evidence that any false representation was made to the defendant by an agent of the plaintiff, and there is no evidence that the defendant's pledge was conditioned upon the fund campaign's

being successful.

There were no conditions expressed on the pledge card itself. The card merely provided as follows:

To Provide Funds To Build a New

## BEATRICE YMCA

And in consideration of the gifts of others, I/we hearby subscribe to the

TOTAL SUM OF *Twenty Five Hundred* DOLLARS  $ _2,500.⁰⁰_

_additional_ :

PLEASE BILL:  PAID _____ - o -

_____Monthly _X_Quarterly _____Semi-Annually     Balance _2500⁰⁰_

_____Annually_____Payroll Deduction_____Other  BEGINNING THE MONTH OF _JAN_ 19__

_Sept 25/979_  _Helen E. Hall_
  Date                        Donor's Signature

## SOWING TODAY ....TO REAP TOMORROW

The person who solicited and obtained the pledge from the defendant testified specifically that he had not represented to anyone from whom he had obtained a pledge that in the event "the $150,000 was not matched," the pledge would not have to be paid. From the testimony of the defendant, the trier of fact could conclude that she had formed her impressions and understanding concerning the campaign by her interpretation of statements which had appeared in the news media.

In an appeal in a law action, the findings of the trial court will not be disturbed unless clearly wrong. *Havelock Bank v. Woods*, 219 Neb. 57, 361 N.W.2d 197 (1985); *South Sioux City Star v. Edwards*, 218 Neb. 487, 357 N.W.2d 178 (1984). In determining whether the evidence is sufficient to sustain the judgment, the evidence must be considered in a light most favorable to the successful party, with all conflicts resolved in his favor and giving him the benefit of every reasonable inference which is deducible therefrom. *Grubbs v. Kula*, 212 Neb. 735, 325 N.W.2d 835 (1982).

There is nothing in the record to show that the findings of the trial court were clearly wrong. The defendant's brief does not address the issue of fraud or false representation, and there is nothing in the record to show that defendant's pledge was obtained under fraudulent circumstances.

Since there were no express conditions whatsoever contained in the subscription contract, the defendant had the burden of proving the existence of the alleged conditions precedent. The defendant failed to show that the subscription was conditional, and the evidence shows that the defendant failed to pay any part of the pledge.

The judgment of the district court was correct, and it is affirmed.

AFFIRMED.

WHITE, J., participating on briefs.